▮ In the Matter of R. G. EQUIPMENT CORPORATION, Respondent, v. CITY OF AMSTERDAM, Appellant, and STATE OF NEW YORK et al., Respondents.— Appeal from an order of the Supreme Court at Special Term, entered in Albany County on October 6, 1972, upon a decision in a proceeding for distribution of the proceeds of an appropriation award pursuant to section 23 of the Court of Claims Act. Prior to its appropriation by the State of New York and on June 30, 1967, certain real property was sold at tax sale for delinquent taxes by the appellant City of Amsterdam, the city taking a certificate of tax sale. The State thereafter appropriated the premises for highway purposes on the 24th day of July, 1969. On May 11, 1970 the city foreclosed its tax lien and a deed was thereupon executed and delivered to the city. On this appeal the city urges that title to the property appropriated was in the purchaser at the tax sale subject only to be divested by redemption of the owner, and since that right was not exercised, title in the city became absolute. Consequently, it maintains, the city is entitled to the entire amount on deposit for said appropriation. We do not agree. The Court of Appeals has recently answered this same contention. (*Matter of County of Nassau* [*Gelb — Siegel*], 24 N Y 2d 621.) It was concluded in that case that the tax sale purchaser acquires only a lien interest in the subject property which is extinguished by its taking in eminent domain. Substituted therefor is an equitable lien on the proceeds of the award. Special Term, therefore, properly directed distribution of the funds on deposit to be applied first to the payment of taxes owed to the City of Amsterdam and thereafter in accordance with appropriate priorities: Order affirmed, without costs. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Main, JJ., concur.

## FOURTH DEPARTMENT, APRIL, 1973

## (April 5, 1973)

▮ CLEOPATRA SARANTIS, et al., Petitioners, v. NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Petition unanimously granted on the law to the extent of modifying the order of the Appeal Board in accordance with Memorandum, and otherwise denied, without costs. Memorandum: Inasmuch as the record contains no proof of out-of-pocket expenses sustained by complainant as a result of the discrimination practiced against him, the award of $500 compensatory damages was improperly affirmed (*Matter of State Div. of Human Rights* v. *Luppino,* 35 A D 2d 107, affd. 29 N Y 2d 558; *State Div. of Human Rights* v. *Stern,* 37 A D 2d 441). (Motion pursuant to section 298 of the Executive Law to annul order of Appeal Board.) Present — Goldman, P. J., Del Vecchio, Witmer, Cardamone and Henry, JJ.