Parker J. Stone, J.
Defendant estate has moved pursuant to CPLR 3211 (subd [a], par 2) and CPLR 3212 to dismiss an action commenced against decedent prior to his death for unpaid real estate taxes, interest, fees and penalties owed by decedent on two separate parcels of property for the tax years 1971 through 1974. It is undisputed that for each of these tax years, the properties were sold at a public sale to the City of Syracuse for the unpaid taxes, interest, fees and expenses. The period of redemption for the properties has expired except for the 1974 tax year.
Defendant takes the position that the public sale of the property for the nonpayment of taxes pursuant to the provisions of the Tax and Assessment Act (L 1906, ch 75, as amd [Syracuse Tax Act]) constitutes payment and discharge of the taxes for each of the years involved and is a complete defense to the action commenced by plaintiff. Plaintiff urges that the purchaser at a tax sale acquires only a lien interest and that the tax indebtedness is not extinguished until the city executes a tax deed, which undisputedly has not been done in relation to the subject properties. The issue thus to be determined is whether the tax sales in question eliminated all personal liability of the decedent for the unpaid taxes.
There never has been a judicial determination of this specific issue under the Syracuse Tax Act. The Court of Appeals, however, in Matter of Ueck (286 NY 1), passed upon whether the purchase of property by the City of Buffalo at a tax sale and the delivery of a tax sale certificate therefor, discharged the personal debt of a property owner under the Buffalo City Charter (Local Law No. 4, 1927 [published in Local Laws, 1932, p 21]) and the Erie County Tax Law (L 1884, ch 135, as amd). The court reaffirmed its long-standing position that the " 'rights of all parties connected with the purchase and sale of property to raise the taxes imposed upon it, are created and defined by statute.’ ” (Supra, p 19.) It reviewed in detail the significant language of the tax statutes involved, i.e., the authority granted to the board of assessors by the Buffalo City Charter to enforce the collection of taxes by a "sale of the real estate” (Buffalo City Charter, § 610; emphasis added); a requirement that a notice be given that the property on a specified date would "be sold at public auction to the highest bidder, to pay the taxes” (§ 611; emphasis added); a requirement that the city assessor bid in "for an amount sufficient to pay the taxes and assessments and all accrued additions, interest, fees and expenses of sale for which the land is to be *1068 sold” (§ 612: emphasis added), in the event there are no other purchasers and a direction that a certificate be issúed to the purchaser showing the amount of money ’’paid therefor” that the city hall shall ’’pay for its purchases” and that a like certificate of sale shall be issued to the ’’city for its purchases” (§ 614; emphasis added). The court emphasized the effect of a certificate of sale as provided in section 616. " 'The purchaser, including the city; his legal representatives or his or its assigns, upon receiving such certificate of sale by virtue thereof and of this act, may lawfully hold and enjoy for his, its and their own proper use and benefit, the real estate described in such certificate, unless the same is redeemed as hereinafter provided.” (Matter of Ueck, supra, pp 13-14.) Additionally, the court pointed out that provision was made for the redemption notice to contain "the amount for which the property was sold” (§ 619; emphasis added) and that the holder of a certificate of sale, including the city, was authorized to commence a foreclosure action to recover "the” amount paid therefor” (§ 640; emphasis added).
The portions of the Erie County Tax Law emphasized by the court in Matter of Ueck are somewhat similar. Section 13 required the county treasurer to advertise and sell the real estate for the ’’payment of such tax, fees and interest, and the expense of such sale” (emphasis added) when the tax remained unpaid for a prescribed period of time.
Section 14 provided that the property ”be sold at public auction * * * to discharge the tax, fees, interest and charges” (emphasis added) and section 15 required that property "shall be deemed to have been sold to and purchased by the County of Erie” (emphasis added) where a bid is insufficient to pay the tax, fees and interest.
By applying a literal interpretation to the words employed in the tax statutes such as, "sale” and "purchase”, the court determined that as to the property owner, a tax sale under these statutes involved a legal effective transfer of title. "The policy of the State and of the political subdivisions affected indicates clearly that when the decedent’s real estate was sold and bid in by the city of Buffalo or the county of Erie for nonpayment of taxes, there was payment and discharge of such taxes and that the purchaser, whether city or county, became the inchoate title holder of the land, evidenced by the tax sale certificate.” (Matter of Ueck, 286 NY 1, 17-18, supra.)
A close analysis of the relevant sections of the Syracuse Tax *1069 Act (L 1906, ch 75) reveals little, if any, difference in wording or intent. In fact, many of the Syracuse Tax Act provisions even more strongly suggest that a tax sale certificate conveys an inchoate interest in the tax delinquent property. Section 21 thereof directs the city treasurer to advertise and "sell such real estate in the manner hereinafter provided for the payment of such taxes, fees, interest and expenses” (emphasis added). Section 22 (L 1906, ch 75, as amd by Local Laws 1944, No. 1 of City of Syracuse, § 1) requires the commissioner of finance to publish a list of the real estate to be "sold * * * at the city hall in the city of Syracuse to pay the taxes, interest, fees, expenses and charges thereon which may remain unpaid at the times of such sale” and to "bid in for the city all parcels of real estate at such sale at a rate sufficient to pay the taxes for which the land is to be sold with all accrued interest, additions, charges, fees, and expenses.” (Emphasis supplied.) Section 22 (L 1906, ch 75, as amd by Local Laws, 1944, No. 1 of City of Syracuse, § 1) further provides that, "The commissioner of finance shall make certificates of sale for all lands so bid in by him for the city describing the land purchased and specifying the time when a deed therefor can be obtained. Such purchases shall be subject to the same right of redemption as herein provided and if the lands so sold shall not be redeemed the commissioner of finance’s deed thereof shall have the same effect and become absolute as herein provided.” (Emphasis supplied.)
In regard to any tax sale certificate which has not been redeemed within the time provided, section 22 also requires the commissioner of finance to either issue a deed to the City of Syracuse or institute lien foreclosure proceedings. "If any such tax sale or certificate shall not have been redeemed prior to the expiration of the period of redemption the commissioner of finance, or his successor in office, shall issue to the city of Syracuse a deed or deeds for all of the lands described therein remaining unredeemed, or such commissioner, or his successor in office, shall institute proceedings in the name of the city of Syracuse to foreclose the lien of said taxes upon said real estate pursuant to the provisions of section forty-four of this act.” (L 1906, ch 75, as amd by Local Laws, 1944, No. 1 of City of Syracuse, § 1.)
Section 23 of the Syracuse Tax Act sets forth the rights of a certificate holder. "Such purchaser and his legal representatives or assigns may immediately, upon receiving such certifi *1070 cate, by virtue thereof and of this act, lawfully possess, hold and enjoy for his and their own proper use and benefit, and the use and benefit of his and their assigns and heirs forever, the real estate described in said certificate, unless the same shall be redeemed as hereinafter provided; and he and his heirs and assigns may at any time within one year after the expiration of the time to redeem such premises, if the same shall not have been redeemed as hereinafter provided, cause the occupant of such real estate to be removed therefrom, and the possession thereof to be delivered to him, in the same manner, and by the same proceedings by and before the same officers as in the case of a tenant holding over after the expiration of his term, without permission of his landlord.”
Plaintiff urges that a tax indebtedness is not extinguished under the Syracuse Tax Act until the city elects to execute a tax deed which it has not done in relation to any of the subject tax sale certificates. Plaintiff cites Matter of County of Nassau (Gelb-Siegel) (24 NY2d 621); Matter of R. G. Equip. Corp. v City of Amsterdam (41 AD2d 885) for the proposition that the purchaser at a tax sale acquires only a lien interest in the tax delinquent property. These cases, however, are not concerned with the specific question of whether the personal tax liability of a property owner is extinguished by the issuance of a tax sale certificate. What they do decide is that under the Real Property Tax Law, the holder of a tax sale certificate in a condemnation proceeding receives only so much of the appropriate award as is necessary to satisfy his equitable lien.
Plaintiff suggests that other provisions of the Syracuse Tax Act require a result different from that reached in Matter of Ueck (286 NY 1, supra). Plaintiff points to section 29 which permits the city to bring suit against an individual or his representatives for unpaid taxes which are owed for more than six months after the warrant for taxes has been filed. Statutory construction "is favored which harmonizes the various provisions of a statute with each other and with the general intent of the statute” (Matter of Anderson v Board of Educ., 46 AD2d 360, 365). Consequently, this section must be construed as permitting such suits for the period commencing six months after the warrant is filed until the tax sale is conducted in relation to the subject tax delinquent property.
In addition, the plaintiff cites section 44 (added by L 1911, *1071 ch 385) of the Syracuse Tax Act which permits the city to institute tax foreclosure proceedings after a tax sale certificate has remained unpaid for a period of two years. This section states that "liens created by the tax or taxes for which such real estate was sold” may be foreclosed. The plaintiff argues that if a "lien” still exists, then the indebtedness has not been extinguished by the tax sale. This conclusion does not necessarily follow. The existence of a lien as evidenced by the tax sale certificate does not in any way infer the continuance of personal liability of the original owner of the property for the payment of the taxes.
The city also points to section 47-A which permits the city to enter into installment agreements with delinquent taxpayers for the payment of unpaid taxes, provided that the tax sale certificate has remained unredeemed for a minimum period of three years. Again the court finds that this provision is not inconsistent with a determination that the personal liability to pay the tax has been extinguished by the tax sale. The purpose of the section appears to be to protect the taxpayer against tax foreclosures or the issuance of tax deeds. In fact, the existence of this section permitting agreement for installment payments, negates any implication that personal liability exists separate and apart from the liability created by the installment agreement.
The plaintiff has also submitted to the court an opinion from the Department of Audit and Control dated May 1, 1975 which holds that the personal liability of a property owner is extinguished for all outstanding taxes when the city takes a tax deed. The Comptroller did not have before him the question of whether personal liability would be extinguished upon a tax sale but in the absence of a tax deed.
The court concludes that the City of Syracuse, upon taking a tax sale certificate in accordance with the Syracuse Tax Act, acquires an inchoate interest in the real property, the acquisition of which extinguishes the personal liability of the owner of the tax delinquent real property for the tax year in question.
Plaintiff’s request for relief under CPLR 3212 (subd [b]) is denied. Defendant may enter judgment dismissing the complaint.