Nathan R. Sobel, S.
The law assistants in this and other courts as well as one of the parties question the directions given by me in a prior decision in the above estate dated March 9, 1973. Since the problem is a recurring one, it is worth discussion.
The problem is: How is the elective share of a surviving spouse computed when there are also nontestamentary benefits constituting testamentary substitutes benefiting the surviving spouse? (EPTL 5-1.1, subd. [b], par. [1].)
The directions are in the statute. The net testamentary estate is first determined. To that sum must be added the total of all nonexempt testamentary substitutes — those benefiting the spouse and those benefiting others. On the basis of that total amount, the gross elective share (whether one half or one third) is determined. In determining the net elective share, the testamentary substitute for the benefit of the spouse is treated as a “ testamentary disposition ” to that spouse contained in the will (EPTL 5-1.1, subd. [c], par. [1], el. [0]). That “ testamentary disposition ” is deducted from the gross elective share to become the net elective share.
Assume a net testamentary estate of $150,000 with no provision for the widow, a Totten Trust testamentary substitute benefiting the widow of $50,000 and a similar testamentary substitute for testator’s sister of $100,000. The widow’s gross elective share is measured by the total of testamentary and “ substitute ” assets, viz., $300,000. Since there are no issue, her gross elective share is one half or $150,000. The testamentary substitute in her favor of $50,000 is treated as though it were a testamentary disposition of that amount in the will. That amount is deducted from the gross to leave a net elective share of $100,000.
The widow collects that $100,000 by ‘ ‘ ratable contributions ’ ’ from all beneficiaries of both testamentary assets and testamentary substitutes (EPTL 5-1.1, subd. [d], par. [3], cl. [B]). Since the net testamentary estate is $150,000 and the testamentary substitute for the sister $100,000, the beneficiaries under the will contribute $60,000 (%ths) and the sister’s Totten *382 account $40,000 (%ths) toward the $100,000 deficit in the widow’s elective share.
The decision of March 9 is also correct. In that decision the court was giving directions to the executor to amend his account. He had computed the widow’s elective share solely on the basis of the net testamentary estate. There were only testamentary substitutes benefiting the widow and none for others. The court properly directed him to reduce the widow’s elective share as shown on the account by one half the testamentary .substitutes in favor of the widow.
Assume a net testamentary estate of $100,000 with the widow not mentioned in the will. She has, however, a testamentary substitute Totten Trust account in her favor of $10,000. Since there are no issue, her elective share is $55,000 (% of $110,000), less $10,000 received from the Totten account, or $45,000. This is the statutory method of computation. But the .samé result óf $45,000 is reached by computing her elective share of one half of testamentary assets ($50,000) and reducing it by one half her own testamentary substitute or by $5,000; total $45,000.
The statutory method of computation should be followed in all cases, particularly where there are testamentary substitutes both in favor of the surviving .spouse and in favor of others.
Quite often we find that the personal representatives use an alternative method of computation by which the same result is reached as by the statutory method. That alternative method consists of computing separately the elective share on the net testamentary estate and the net of testamentary substitutes.
Assume a $100,000 net testamentary estate (no issue) with no testamentary provision for the widow; a $10,000 Totten trust for the widow and a $20,000 such nonexempt trust for testator’s sister. Under the .statutory method of computation, the widow’s gross elective share is $65,000 (% of $130,000) and her net elective share is $55,000 ($65,000 — $10,000).
Under the alternative method the same result is reached. Her elective share of net testamentary assets is $50,000 (% of $100,000). Her elective share of net testamentary substitutes is then computed. The widow’s substitute of $10,000 is subtracted from the sister’s substitute of $20,000 leaving $10,000 of net testamentary substitutes, one half of which is $5,000. The widow’s elective .share of testamentary assets ($50,000) plus her elective share of testamentary substitutes ($5,000) totals $55,000, the same result as reached by the statutory method.
After the elective share is determined by either method, the ratable contribution by the beneficiaries must be separately *383 determined. The statutory direction should be followed— “ ratable contribution to the share to which the surviving .spouse is entitled shall be made by the beneficiaries (including the recipients of any such testamentary provision) other than the surviving spouse, under ' * * * the decedent’s will and other instruments making testamentary provisions.” (EPTL 5-1.1, subd. [d], par. [3], cl. [B].)
In the example last above cited where the widow’s net elective share is $55,000, she is entitled to collect that amount ratably from all beneficiaries of testamentary dispositions and of testamentary substitutes other than her own. Her own “ testamentary provisions ” (see definition, EPTL 5-1.1, subd. [c], par. [1], cl. [0]), whether a disposition under the will or by testamentary substitute, is not, as the statute specifically provides, included in the ratable computation since already deducted in determining her net elective share. Our widow would collect her $55,000 ratably from testamentary assets of $100,000 and testamentary substitutes of $20,000 (total $120,000). The beneficiaries under the will would contribute proportionately %ths of $55,000 or $45,833.34 and the .sister’s testamentary substitute %th of $55,000 or $9,166.66 (total $55,000).
Where, after August 31, 1966 a decedent dies intestate having created nonexempt testamentary substitutes, the statutory method of computing the elective share is the same as in the case of a testate decedent. However, the ratable contribution toward that elective share is made solely from the testamentary substitutes. This follows because a statute (EPTL 5-1.1, subd. [c], par. [2], cl. [B]) provides: “ The satisfaction of such elective share shall not reduce the intestate share of any other distributee of the decedent.”
Assume a decedent died intestate in 1970 survived by a widow and two children. His net intestate estate is $50,000. He left a nonexempt testamentary substitute in favor of his wife of $65,000 and such a nonexempt testamentary substitute of $200,000 for his sister.
The net estate for the purpose of EPTL 5-1.1 (subd. [c]) is $315,000 and the widow’s elective share is one third, or $105,000.
Under EPTL 4-1.1 her intestate share of the $50,000 of intestate assets is $2,000 plus one third of the balance of $48,000, a total of $18,000. The testamentary substitute in her favor is $65,000. The total received by her is $83,000. Since her elective share is $105,000 she is entitled to collect her $22,000 solely from the testamentary substitute of $200,000 in favor of the *384 sister. By virtue of the statute previously quoted, the children distributees are not required to make a ratable contribution.
In total summary, it is emphasized that in both respects — (1) the determination of the net elective share and (2) the determination of the source from which ratable contribution is-required- — -the statutory method of computation should be followed.