Nathan R. Sobel, S.
The objections of the guardian ad litem raise an issue frequently encountered but as yet never the subject of formal decision by our courts.
Helen Ardolino died intestate on April 30, 1972 leaving a husband and children. She left no estate assets. On her death there were however some $90,000 in 10 joint and Totten bank accounts for her children and grandchildren including one for her husband.
The husband has been issued letters. He has elected against those accounts which are testamentary substitutes. His attorney has obtained from each bank detailed information concerning each account and with respect to each has separately computed the husband’s elective share. He has also correctly computed the ratable share (EPTL 5-1.1, subd. [d], par. [3]) which each account must contribute after deducting the testamentary substitute in favor of the surviving spouse. (See Matter of Schlosser, 73 Misc 2d 380.)
The guardian ad litem for the infant beneficiaries has made objection to the computation in one respect now discussed.
Three of the 10 accounts were “ exempt ” accounts created prior to September 1, 1966. However, Mrs. Ardolino had made post September 1,1966 deposits in these accounts against which deposits the husband may elect (EPTL 5-1.1, subd. [b], par. [1], cls. [B], [C]).
However, Mrs. Ardolino also made withdrawals after September 1, 1966 from these accounts. The husband, although purporting not to do so, used a first-in-first-out (FIFO) method in allocating the withdrawals, since he concludes that the “ capital value ” of the fund against which he may elect is the amount on deposit at date of death.
It is certain that a depositor making a withdrawal neither intends to withdraw his earliest deposits (FIFO) or his latest deposits (LIFO). He has no intention at all. Therefore withdrawals should be charged against the whole fund. When part of a bank deposit is pre-September 1, 1966 and therefore “ exempt ” and another part represents post September 1, 1966 deposits and therefore to that extent a “ testamentary substitute,” withdrawals made on or after September 1,1966 must be apportioned ratably between the two parts of the fund. Because *998 in the instant case the difference is insignificant, an example is used to illustrate the method of computation.
Total pre-September 1, 1966 “ exempt ” deposit $10,000
Post September 1, 1966 deposits $30,000
Post September 1, 1966 withdrawals $20,000
Principal on deposit date of death $20,000
Interest earned post September 1, 1966 $ 8,000
Total on deposit date of death $28,000
The post September 1, 1966 deposits ($30,000) represent 75% of total deposits ($40,000). Therefore 75% of withdrawals of $20,000, i.e. $15,000 are subtracted from' the post September 1, 1966 deposits of $30,000 leaving the principal of the capital fund against which the spouse may elect $15,000.
A precise allocation of the post September 1, 1966 interest of $8,000 would require use of the bank’s computer. It is permissible to use the same fraction in apportioning interest. Therefore 75% of the interest or $6,000 is allocated to the post September 1, 1966 deposits. The total capital fund against which the spouse may elect is $21,000 ($15,000 plus $6,000).
(In the example the “ capital fund ” was computed separately for both principal and income. It need not be: the fraction may be applied to the total amount of both post September 1, 1966 principal deposits and interest added with the same result.)
In the foregoing example (assuming no adjustments for testamentary substitutes in favor of the spouse) the elective share of the spouse, if one-third, would be $7,000. The balance of $21,000 would be paid to the beneficiary.
It is possible (as in one of the accounts in issue) that total post September 1,1966 withdrawals may exceed in amount total post September 1,1966 deposits. If a LIFO method were used there would be no capital principal fund against which to elect. It is not. The same method is used as in the example. The withdrawals are apportioned ratably between the “ exempt ” fund and the post September 1, 1966 deposits.
It should be noted that the foregoing computation is never required if the total bank account is a “ testamentary substitute ” i.e. one created on or after September 1, 1966. It is only required when the account is part “ exempt ” (created prior to September 1, 1966) and part “ testamentary substitute ” (deposits post September 1, 1966) and withdrawals have been made from the account on or after September 1, 1966.
The recomputation in the instant case is made by separate decision.