OPINION OF THE COURT
John R Murray, J.
This matter has come before this court upon a letter dated August 3, 1982, by John F. K. Cassidy, attorney for the claimant, Patricia C. Cassidy, who makes claim by said letter dated August 3, 1982, for interest at the legal rate pursuant to EPTL 11-1.5 (subd [d]). Claim is being made upon the executor of the estate of Sydney C. LaFave, John E. Cullinan, upon the ground that his delay in distribution of estate assets to the claimant was unreasonable.
On May 18, 1979, John E. Cullinan obtained letters testamentary on the estate of Sydney C. LaFave who died on February 21, 1979. Under the instrument admitted to probate as the last will and testament of Sydney C. La-Fave, Mr. Cullinan had been named executor. Probate of the last will and testament of Sydney C. LaFave was delayed until May 18, 1979, owing to the difficulty in obtaining jurisdiction over some statutory distributees in Europe at the time. The will provided for two $1,000 cash *919 bequests, two $2,000 bequests and five cash bequests of $5,000 each to nieces of the testator. The claimant was one of those named to receive a $5,000 bequest. Funeral expenses, administration expenses and debts of the estate totaled $27,142.44. The court finds total cash requirements of the estate to pay administration expenses and general legacies of the estate, exclusive of the residuary legacy, to exceed $58,000.
The only cash assets available at the time of the death of the testator totaled $12,115.61. A sale of the tangible personal property of the estate held on July 19, 20 and 21, 1979, grossed approximately $13,000. The only other assets of the estate remaining to provide funds for payment of the balance of estate obligations were a piece of real property and utility and governmental agency bonds owned by the estate. The real property had an appraised death valuation of $32,000 and the bonds had an appraised death value totaling $87,468.75. The real estate and bonds were listed for sale by the executor, but no sale was immediately made at the appraised values due to escalating interest rates which had depressed the housing market and lowered market values of bonds. In view of the fact that the bonds were earning $8,406.25 per year in interest, the executor says he retained the bonds in the hope of eventual recovery to avoid an irretrievable loss to the residuary legatee. By letter dated December 27, 1979, the executor notified all the general legatees of his plan to effect distribution of the specific bequests out of the proceeds from the sale of the real property.
After the sale of the tangible personal property on July 19, 20 and 21, 1979, the executor placed the real property, deemed to be a “wasting asset” upon the market for sale. The executor felt that if the appraised value could be obtained for the real estate, together with the income currently being received from the bonds, that the balance of estate obligations and the general cash legacies could be paid. Due to the fact that efforts to sell the real property were not immediately successful, the executor accepted an offer of $25,000 in February of 1981, which was approved by the residuary legatee. By a letter dated February 12, 1981, all the general cash legatees were advised that the *920 estate would shortly be paying their legacies, in anticipation of the pending sale of the real property which took place on March 13,1981. General legacies were paid by the executor during May, 1981.
The claimant has argued to this court that the executor gave no basis for his decision to await distribution of the general legacies until after the real estate was sold. The claimant argues that she should have known why the general legacies were to be paid out of the real estate proceeds. Under the circumstances at the time, the court finds that the executor carried out his fiduciary duty and acted in a reasonable and prudent manner by delaying the sale of the bonds in a severely depressed market. The executor, as fiduciary, has an obligation to preserve the estate assets so that both the general and residuary legatees’ interests are protected, and must exercise prudent investment decisions. Without the aid of hindsight the court finds the executor’s plan to dispose of the estate assets reasonable and prudent under prevailing market conditions at the time.
The letter of December 27,1979, from the executor to the claimant, sets forth clearly the executor’s plan to distribute the cash legacies. The claimant is found to be fully informed of the program of settlement of the estate, including the fact that there would be a delay in the payment of her legacy until sale of the real estate was effected. If the claimant wanted to know specifically why payment of her legacy was delayed, she should have made specific inquiry, or exercised her remedy under EPTL 11-1.5 (subds [c], [d]) and made a demand for payment of her legacy, and, thereafter, commence an action or proceeding to compel payment.
EPTL 11-1.5 (subd [c]) specifically states that after publication of notice to creditors, or the expiration of seven months from the time letters are granted, if the personal representative refuses upon demand to pay a disposition or distributive share that an action or proceeding may be commenced to force distribution. Though distribution of an estate normally takes place upon the expiration of seven months, or after publication of notice to creditors, it isn’t required. The personal representative of an estate in his *921 fiduciary capacity may very well have reasons for delaying distribution. This delay may then be reviewed by the court and a determination made as to whether it is reasonable or not.
Where the claimant fails to make a demand for payment of his distributive share upon the personal representative, and fails to commence an action to effect distribution and have a determination made with regard to whether the delay in payment is reasonable or not, this court will not entertain claims for interest on the distributive share after it is paid. At the very least, as the statute requires, this court feels that the claimant should dem nd payment of his distributive share from the personal representative, and then if he refuses to make distribution, have notice by the commencement of an action given to the personal representative before this court will consider the granting of interest for any delay in the payment of a legacy. The claimant having failed to make the requisite demand, or to commence an action, is accordingly denied interest as claimed.