OPINION OF THE COURT
C. Raymond Radican, J.
By these proceedings petitioner seeks to compel a partial distribution to himself of $25,000, together with interest thereon at the rate of 6% per annum commencing seven months following the date of the issuance of letters testamentary (EPTL 11-1.5 [d]). This petition has been maintained independent of the accounting proceedings now pending.
The petitioner is one of five residuary beneficiaries and the only such beneficiary who has not received an advance partial distribution. Apparently for some period of time the fiduciary withheld any interim payment to petitioner by reason of a restraining notice served by a creditor of petitioner. Sometime following the cancellation of that notice, offers to make partial distribution to petitioner were rejected over the issue whether interest is now payable on that sum pursuant to EPTL 11-1.5 (d). The dates of the various events described by the parties have not been clearly defined.
Decedent’s will makes no provision for the payment of interest and petitioner, as a person entitled to other than a specific or pecuniary disposition, is entitled to a proportionate share of net income earned during administration (EPTL 11-2.1 [d] [2]). Petitioner relies, however, upon the definitive provisions of EPTL 11-1.5 (d) which in absence of a controlling provision established by will provides for the payment of interest on dispositions at the rate of 6%, commencing seven months from the issuance of letters testamentary. The narrow issue to be resolved is whether the interest entitlement set forth in EPTL 11-1.5 (d) extends to residuary beneficiaries.
Surrogate Roth has recently had occasion to discuss the interplay between EPTL 11-1.5 (d) and EPTL 11-2.1 (d) (2) in holding that a preresiduary pecuniary bequest was governed by EPTL 11-1.5 (d) and entitled to interest at the rate of 6% (Matter of Schwarz, 161 Misc 2d 471; Matter of Crea, 27 NY2d 339; Matter of Zalaznick, 88 Misc 2d 727). Petitioner’s reliance upon Matter of Schwarz is misplaced. As a residuary beneficiary, petitioner occupies the status of "other beneficiary” as defined by EPTL 11-2.1 (d) (2) and enjoys a continuing proportionate share in net income generated during estate administration. As pointed out in Matter of Schwarz (supra), EPTL 11- *528 1.5 (d) is intended to provide compensation to pecuniary legatees where delay in payment would not only result in loss to the pecuniary legatee but would also provide a windfall to other beneficiaries. Residuary legatees should not enjoy the benefits of both EPTL 11-2.1 (d) and 11-1.5 (d). To this end it is significant to note that the Court of Appeals in Matter of Crea (supra) did not extend the provisions of former Surrogate’s Court Act § 218 (now EPTL 11-1.5 [d]) to the beneficiary’s residuary legacy but rather limited relief to her cash bequest.
The petition is accordingly granted to the extent that the fiduciary shall make advance payment to petitioner of $25,000 without interest. The order to be submitted shall reserve to petitioner the right within the accounting proceedings to seek the proportionate share of income earned on the said $25,000 to the date of payment thereof.