OPINION OF THE COURT
Renee R. Roth, S.
The executor of the will-of Leta Cromwell requests the court *431 to determine, inter alia, whether certain legatees are entitled to interest on their preresiduary gifts.
Testatrix made numerous bequests in article sixth of her will, which is divided in two parts. Paragraph A contains specific legacies to 22 individuals; paragraph B provides for specific bequests to four charities. Article sixth further provides that the bequests in paragraph A are to be paid as soon as practical and that none of the bequests in paragraph B are to be paid until the legacies in paragraph A are fully satisfied. In the event that the legacies in paragraph A cannot be fully satisfied (which is the case here), then they abate proportionately. At issue is whether interest must be paid under EPTL 11-1.5 (d) on three abated legacies where payment was delayed. The background is briefly stated.
Shortly after letters testamentary issued, as it became apparent that the legacies in article sixth (a) could not be paid in full, the named legatees were offered a partial payment of 25% of their respective legacies upon executing receipts and refunding agreements. Partial payment was made to all but three legatees who did not Sign the documents. The unpaid funds remained in possession of the executor and continued to generate income.
In Matter of Paruch (161 Misc 2d 526), where partial distribution to a residuary beneficiary had reasonably been withheld, Surrogate Radigan denied interest, concluding that residuary beneficiaries were not intended to have the benefit of both EPTL 11-2.1 (d) ( 2), which entitles them to share in the net income generated during estate administration and EPTL 11-1.5 (d), which allows interest to pecuniary legatees to preclude a windfall to the residuary beneficiaries.
Unlike Matter of Paruch (supra), the instant case involves preresiduary beneficiaries. But payment of the abated legacies will consume decedent’s entire estate, with the result that no residuary beneficiary will share in the estate let alone receive a "windfall”. Applying EPTL 11-1.5 (d) to the three legatees under these circumstances would not serve the purpose of the statute. The legatees, however, are entitled to their proportionate share of the income earned on their bequests.
The accounts being otherwise proper are settled.