In the Matter of NINA ABRAMS, Also Known as NINA HANNAH ABRAMS, Deceased. ROBERT E. ABRAMS, Appellant; Estate of NINA ABRAMS, Respondent. [953 NYS2d 679]—

In a probate proceeding, Robert E. Abrams appeals, as limited by his brief, from so much of an order of the Surrogate's Court, Putnam County (Reitz, S.), entered June 7, 2011, as denied, without prejudice to renewal, his motion pursuant to EPTL 11-1.5 (d) to compel the executors of the estate and the trustees of a trust created under the decedent's will to pay certain bequests with interest.

Ordered that the order is affirmed insofar as appealed from, with costs payable by the appellant personally.

The decedent, Nina Abrams, died on February 26, 2008. The decedent's estate included a cooperative apartment on Park Avenue and an extensive art collection, which the fiduciaries of her estate sold at auction in April 2010 for more than $6 million.

Under her last will and testament dated May 7, 2007, which was admitted to probate without objection in April 2010, the decedent transferred her estate to the Nina Abrams Revocable Trust (hereinafter the Trust), which provided, in relevant part, that, upon the decedent's death, an outright distribution in the sum of $500,000 would be paid to the decedent's son Robert E. Abrams (hereinafter the appellant), the sum of $500,000 would be placed in a separate trust for the decedent's son Michael David Abrams, and the sum of $35,000 would be paid outright to the decedent's grandson, Nathaniel Harry Vance Abrams (hereinafter collectively the Bequests). Temporary preliminary letters issued to the designated fiduciaries of the estate and the trustees of the Trust on May 20, 2008 (hereinafter together the Fiduciaries), on May 20, 2008, were replaced by letters testamentary when the decedent's will was admitted to probate in April 2010.

On January 24, 2011, the appellant, individually, as guardian for his son, Nathaniel Harry Vance Abrams, and as trustee of the Michael David Abrams Trust, moved pursuant to EPTL 11-1.5 (d) to compel the executors of the estate and the trustees of the Trust to pay the Bequests with interest at the statutory annual rate of interest of 6%. The appellant alleged, inter alia, that approximately 2½ years after the decedent's death, his attorney received three receipt and release forms relating to the proposed disbursement of the Bequests, which the Fiduciaries' attorney indicated should be executed by the respective beneficiaries. In response, by letter dated September 29, 2010, the appellant's attorney requested "that interest be paid on the bequests to the[ ] beneficiaries pursuant to § 11-1.5 of the EPTL," that certain terms of release be amended, and that the receipt and release forms include 6% statutory interest. The appellant further alleged that none of the Bequests was paid as of January 17, 2011.

In an order dated June 7, 2011, the Surrogate, inter alia, denied the appellant's motion, without prejudice to renewal, determining that he failed to make a proper demand on the estate for payment of the Bequests under EPTL 11-1.5 (c) because his attorney's letter dated September 29, 2010, "merely

requested interest to be paid on the [Bequests]." The Surrogate also determined that, even if a proper demand had been made, the Fiduciaries did not openly refuse to pay the Bequests and, in the absence of a demand for payment and a refusal to pay, an award of interest under EPTL 11-1.5 (d) was not an available remedy.

The rate of interest to be paid on a pecuniary bequest is governed by EPTL 11-1.5. EPTL 11-1.5 (d) provides that, in an action or proceeding to compel payment of a distribution or distributive share, interest, "if any," shall be paid at an annual rate of 6% unless fixed in the testamentary instrument, commencing seven months from the time letters are granted, including the issuance of preliminary or temporary letters (*see* EPTL 11-1.5 [d]; *Matter of Crea*, 27 NY2d 339, 344 [1971]). Pursuant to EPTL 11-1.5 (e), the court may direct the payment of interest at the annual rate fixed under CPLR 5004, based on a finding that a fiduciary's failure to make the distribution was unreasonable (*see* EPTL 11-1.5 [e]; Margaret Valentine Turano, Practice Commentaries, McKinney's Cons Laws of NY, Book 17B, EPTL 11-1.5). Upon expiration of the seven-month period under EPTL 11-1.5 (d) or after published notice to creditors, an action or proceeding may be asserted against the representative of an estate to compel payment of a disposition or distributive share if the personal representative *"refuses upon demand to pay a disposition or distributive share"* (EPTL 11-1.5 [c]) (emphasis added).

The appellant's motion "pursuant to EPTL § 11.1-5 (d) directing the Executors . . . and the Trustees . . . *to pay the [B]equests . . .* with interest" (emphasis added) invoked application of the demand and refusal requirement set forth in EPTL 11-1.5 (c). However, the appellant's reliance on his attorney's letter dated September 29, 2010, is misplaced. The letter dated September 29, 2010, requested "that interest be paid on the bequests to the[ ] beneficiaries," and contained no demand for payment of the Bequests, which had yet to be made (*see* EPTL 11-1.5 [c]). Accordingly, the Surrogate's Court properly denied the appellant's motion, without prejudice to a renewed request in "proper form."

We also reject the appellant's contention, in effect, that a demand for the payment of interest on a bequest is equivalent to a demand for payment of the underlying bequest and satisfies EPTL 11-1.5 (c). A claim for the payment of interest is separate from a claim for payment of a bequest or distributive share, except where a bequest or share is paid without interest, in which case, acceptance of the payment extinguishes any claim

to interest (*see* 1 Harris, New York Estates: Probate, Administration and Litigation § 14:12 [6th ed]; *Matter of Schwarz*, 161 Misc 2d 471 [1994]; *Matter of Lancaster*, NYLJ, Dec. 27, 1996 at 27, col 5). That exception does not apply in this case. Florio, J.P., Dickerson, Sgroi and Miller, JJ., concur.